1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

MILAUDI KARBOAU,                               )
                                               )
                Plaintiff,                      )   **No. 03:14-cv-00297-HU**
                                               )
vs.                                            )
                                               )
CITY OF PORTLAND; PORTLAND POLICE              )   **ORDER ON APPLICATION**
BUREAU (PPB); JIM LAWRENCE; DAVID              )   **TO PROCEED** *IN FORMA*
ANDERSON; VIRGINIA ANNE ANDERSON;              )   ***PAUPERIS*, AND MOTION**
CARL ANN WILLIAMS; TOM BADRICK;                )   **FOR APPOINTMENT OF**
KGW NEWS CHANNEL 8 TV; RICK JACOBS;            )   **COUNSEL; AND FINDINGS**
THE MID-COUNTY MEMO NEWSPAPER AND              )   **AND RECOMMENDATION ON**
PUBLISHING, INC.; SEAN P. NELSON;              )   **INITIAL REVIEW**
and DARLENE VINSON;                            )
                                               )
                Defendants.                    )
                           _____

Milaudi Karboau
7585 S.W. Hunzker Street
Apt. 50
Tigard, OR 97223

        Appearing *pro se*

HUBEL, M.J.:

        On February 14, 2014, the plaintiff filed an application to
proceed *in forma pauperis*, Dkt. #1; a proposed Complaint, Dkt.
#2; and a motion for appointment of *pro bono* counsel, Dkt. #3.
The court finds the plaintiff's application to proceed *in forma
pauperis* meets the requirements set forth in 28 U.S.C.
§ 1915(a)(1), showing that the plaintiff is unable to pay the
filing fee.  Accordingly, the plaintiff's application to proceed
*in forma pauperis* is **granted.**   However, because the court
further finds, as discussed below, that the plaintiff's

1 - FINDINGS AND RECOMMENDATION

Complaint should be dismissed, his motion for appointment of counsel is **denied.**

The court now turns to initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned submits the following findings, and recommendation for disposition of the case, pursuant to 28 U.S.C. § 636(b)(1)(B).

The plaintiff Milaudi Karboau is a frequent litigant in this court, having filed seventeen previous actions between 2002 and 2013 (five in 2002; two in 2003; one each in 2004, 2006, and 2008; three in 2011; and four in 2013). In many of these lawsuits, Karboau has advanced several different legal theories in an attempt to impose liability on his former neighbors, Portland police officers, and others, for their actions in connection with Karboau's arrest and conviction, in 2002, for receiving stolen property, and related charges.

In the present case, Karboau takes a new tack, alleging the defendants slandered and defamed him, in 2002, by knowingly pub-lishing false statements about the basis for his arrest. He attempts to overcome any statute of limitations argument by claiming he only discovered these allegedly false statements after his release from prison in early February 2013.

Karboau's Complaint suffers from several fatal defects. Firstly, his "Preliminary Statement" was cut-and-pasted from another of his pending cases, *Karbaou v. City of Portland*, Case No. 03:13-cv-00609-PK, in which he seeks damages pursuant to 42 U.S.C. § 1983 (mis-cited as 28 U.S.C. § 1983) for the return of seized property. *See* Dkt. #2 in the 2013 case. The "Preliminary Statement" bears no relationship to the present action.

2 - FINDINGS AND RECOMMENDATION

Secondly, and more importantly for purposes of the current review, Karbaou also has cut-and-pasted his jurisdictional allegations from the 2013 case into his Complaint in the present case. He alleges federal question jurisdiction under section 1983, and supplemental jurisdiction over his "states law tort claims." However, in his "Plaintiff's Statement of Claim" he alleges facts and asserts claims ***solely*** for defamation and slander.  In other words, Karbaou's claims in the present case arise solely under state law. Further, it is clear from Karbaou's identification of the parties that there is no diversity of citizenship to support diversity jurisdiction.

In short, the court finds there is no basis for this court's jurisdiction.  A claim over which the court lacks jurisdiction is *per se* frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Castillo v. Marshall*, 107 F.3d 15 (Table), 1997 WL 55311, at *1 (9th Cir. Feb. 7, 1997) (finding a claim is frivolous under section 1915(d), now section 1915(e), where the court lacks subject matter jurisdiction).  The dismissal should be with prejudice, as the jurisdictional defect could not be remedied by amendment.


### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge.  Objections, if any, are due by **March 31, 2014.**

3 - FINDINGS AND RECOMMENDATION

1  By the earlier of the date any objections are filed or March 31,

2  2014, these Findings and Recommendations will go under

3  advisement.

4       IT IS SO ORDERED.

5                         Dated this 12th day of March, 2014.

6

7                         /s/ Dennis J. Hubel
                          _____
8                         Dennis James Hubel
                          Unites States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4 - FINDINGS AND RECOMMENDATION